```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

VLADIMIRA KOCH a/k/a VLADKA KOCH;
MICHAL KOCH, her son; EUROPA DOCU-
SEARCH, INC.; EUROVID, INC.; EUROVID
FKK; HELIOS NATURA; EUROPA DOUC-
SEARCH s.r.o.; and EUROVIDFKK, s.r.o.,          10 Civ. 9152

                    Plaintiffs,                  OPINION

        -against-

VRATISLAV PECHOTA, JR., ESQ.,
individually, and LAW OFFICE OF
VRATISLAV PECHOTA, JR., ESQ.,

                    Defendants.

-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/12

A P P E A R A N C E S:

    Attorneys for Plaintiffs

    KTHL LAW OFFICES, P.C.
    c/o 412 Chestnut Street, Suite 100
    Lebanon, PA 17042-6139
    By: Jaromir Kovarik, Esq.

    Attorneys for Defendants

    GARBARINI & SCHER, P.C.
    432 Park Avenue South, 9th Floor
    New York, NY 10016-8013
    By: Gregg D. Weinstock, Esq.

1

**Sweet, D.J.**

Defendants Vratislav Pechota, Jr., Esq. ("Pechota" or the "Defendant") and his firm, the Law Office of Vratislav Pechota, Jr., Esq. (collectively, the "Defendants") have moved pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure for a protective order and to strike certain interrogatories of the Plaintiffs Vladimira Koch a/k/a Vladka Koch ("Mrs. Koch"); her son, Michal Koch ("Michal Koch"); and Europa Docu-Search, Inc.; Eurovid, Inc.; Eurovid FKK; Helios Natura; Europa Docu-Search s.r.o.; and Eurovidfkk, s.r.o. (the "Europa Plaintiffs") (collectively, the "Plaintiffs"), dated May 22, 2012, as duplicative and burdensome.

Non-party witnesses Frank J. Salvi ("Salvi"), Raymond A. Bragar ("Bragar") and Raymond Ragues ("Ragues") (collectively, the "Non-Party Witnesses"), who are also defendants in the state litigation brought by the Plaintiffs in the Supreme Court of the State of New York (the "State Court Action"), have moved to quash subpoenas served upon them as cumulative and duplicative of discovery in the State Court Action.

**Discussion**

The Motion for a Protective Order

Under Rule 26, "a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26. The party seeking a protective order bears the burden of showing good cause for preventing discovery. In re Parmalat Secs. Litig., 258 F.R.D. 236, 242-43 (S.D.N.Y. 2009).

In seeking a protective order, the Defendants argue that the Plaintiffs' demand is improper because the interrogatories cover the same issues that were previously, or could have been, inquired upon during Pechota's deposition in the State Court Action on November 11, 2011 and in this action on January 24, 2012. (Def. Memo at 1). Defendants contend that the interrogatories seek, through written questions, further deposition, which would be cumulative and duplicative as well as

3

contravene this Court's April 6, 2012 Order directing that Pechota's deposition be closed. (Id. at 5).

Plaintiffs, on the other hand, argue that Pechota has failed to respond to their demands on two occasions and thus he has failed to comply with Fed. R. Civ. P. 34 and 37 and Local Rules 26.2, 26.4 and 37.1. (Pl. Opp. at 2). According to the Plaintiffs, Pechota has declined to respond properly to their interrogatories and instead "answered with a set of ambiguous boilerplate objections and claims of privilege without either providing [a] privilege log or affidavit of good faith that he searched for the documents claims not to be in his possession." (Id. at 4).

With respect to the subject interrogatories, while the Defendants argue that Plaintiffs could have asked Pechota these questions in his prior depositions, the fact that they did not is insufficient to demonstrate an adequate showing of good cause. Thus, the Defendants are directed to respond to the following Requests and provide an affidavit of good faith compliance, including a description of their participation, if any, in the relevant matters:

4

Request Nos. 1 through 7 generally seek background information and involve communications between Pechota and the Plaintiffs regarding their legal representation between January 2000 and December 2010. Request No. 18 involves the amount of money received from the Kochs. Request No. 23 involves the termination of Mrs. Koch's conditional residential status. Request Nos. 34 through 47 involve communications and documents as to Pechota's representation, Mrs. Koch's alleged injuries and potential issues surrounding the Form G-28 execution.

Defendants, however, have demonstrated good cause sufficient to strike the following interrogatories:

Request Nos. 8 through 17 are stricken as they relate to legal conclusions and involve questions concerning conversations with a Czech attorney "Dr. Tulis" and the Non-Party Witnesses in the State Court Action, which were already answered in Koch's deposition and therefore the remainder of the interrogatory questions concern conversations subject to the attorney-client privilege. Request Nos. 19 through 22 pertain to Pechota's other Czech-speaking clients and are irrelevant to the claims in the instant case. Request Nos. 24 through 33 involve alleged conversations between Pechota and Salvi, which

5

were limited to attempts to collect money and general discussions of immigration law.

Accordingly, the Defendants' motion is granted as to Request Nos. 8 through 17, 19 through 22 and 24 through 33, and denied as to Request Nos. 1 through 7, 18, 23 and 34 through 47.

The Motions to Quash

The Non-Party Witnesses were all involved in the Kochs' divorce matter in Westchester County, and are currently defendants in Koch v. Sheresky, Aronson, et al., in the New York Supreme Court (Dkt. No. 112337/07, filed on November 23, 2011). The State Court Action alleges misconduct and fraud by Salvi and negligence by Bragar and Ragues for their representation of the Kochs during the underlying matrimonial action.

The Non-Party Witnesses have testified and been deposed in connection with the State Court Action, as to the divorce proceedings. On November 21, 2011, Justice Emily J. Goodman of the State Supreme Court issued an Opinion in the State Court Action (the "November 21 Order").

The Non-Party Witnesses seek an Order to quash the subpoena served by the Plaintiffs, in its entirety. They argue that the subpoenas are "unduly burdensome" and overbroad, and that they amount to an improper effort to circumvent Justice Goodman's November 21 Order.

Rule 45 of the Federal Rules of Civil Procedure requires that "[a] party issuing a subpoena to a non-party for the production of documents during discovery must provide prior notice to all parties to the litigation." Fed. R. Civ. P. 45(b)(1); Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000). The rule also mandates that an attorney issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). If the subpoena imposes an undue burden or expense, the issuing Court is empowered to quash the subpoena. Fed. R. Civ. P. 45(2)(c)(3)(iv). "Motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the court.'" In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (quoting United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000)).

Whether a subpoena imposes an "undue burden" "depends on such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." Night Hawk Ltd. v. Briarpatch Ltd., L.P., No. 03-1382(RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) (citations and quotations omitted). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Id. Additionally, "the status of a witness as a non-party to the underlying litigation entitles [the witness] to consideration regarding expense and inconvenience." Id.; see also Watts v. SEC, 482 F.3d 501, 509 (D.C. Cir. 2007) (stating that the "'undue burden' standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties.").

Here, the Non-Party Witnesses are non-parties to the action and have previously been deposed on several occasions. For example, Salvi was deposed for three days in the State Court Action, in which Plaintiff's counsel specifically questioned Salvi with regard to the Pechota Defendants, his relationship with the Pechota Defendants and Mrs. Koch and the Pechota

8

Defendants' representation of Mrs. Koch in connection with immigration matters. (Salvi Memo at 8). Similarly, Bragar was subject to fourteen hours of deposition testimony in connection with the State Court Action, and the Plaintiffs' request included inquiries of Bragar's representation of Mrs. Koch, post-dated representation and immigration issues related to the instant action. (Bragar Memo at 9). The Plaintiffs have not demonstrated that any additional deposition of Salvi and Bragar would reveal material and relevant information to offer to the parties in the instant litigation.

As to Ragues, Judge Goodman ruled that his deposition should proceed after the conclusion of Mrs. Koch's deposition, which was to proceed via video link from the Czech Republic. She determined that 3 1/2 hours was an appropriate limit on the remainder of the deposition. (November 21 Order at 4). As per the November 21 Order, once Mrs. Koch's deposition proceeds, Ragues may be deposed, within the limited time frame, as to any matters the Plaintiffs deem relevant.

Considering that the Plaintiffs are in possession of previously provided answers to their requests and deposition transcripts of the Non-Party Witnesses, subject to objections as

to relevance and other appropriate objections, these and other proceedings from the State Court Action will be admissible in the instant action.

In addition, as to the document production requests, some of Plaintiffs' demands are without limitations as to the relevant period of time or to categories of documents that are material to their action against the Pechota Defendants. See e.g., Ragues Notice of Deposition and Production of Documents and Things ¶¶ 2-4 (prefacing demands by the words "each and every" and "all documents and things."). Such demands are vague and overbroad as they lack specificity as to the reason or relevance behind their request. Accordingly, the first, second and fourth requests shall read "Documents contained", "Documents containing" or "Documents which contains." The Non-Party Witnesses are instructed to produce, within 10 days, any documents relating to the first, second and fourth requests as they relate to immigration matters of the Kochs'. All other production requests and the demand for information concerning computer systems are denied, as irrelevant to the instant action.

Salvi, Bragar and Ragues will also each submit an affidavit of good faith compliance, including a description of their participation, if any, in the relevant matters.

The Plaintiffs are granted leave to apply thereafter to take any deposition upon good cause shown, which has not been addressed in this Opinion.

It is so ordered.

**New York, NY**
**October //, 2012**

_____
ROBERT W. SWEET
U.S.D.J.