UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

VLADIMIRA KOCH a/k/a VLADKA KOCH;
                        Plaintiff,              10 Civ. 9152

                                                OPINION

     -against-

VRATISLAV PECHOTA, JR., ESQ.,
individually, and LAW OFFICE OF
VRATISLAV PECHOTA, JR., ESQ.,

                   Defendants.

----------------------------------------X

A P P E A R A N C E S:

          Attorneys for Plaintiff

          KTHL LAW OFFICES, P.C.
          c/o 412 Chestnut Street, Suite 100
          Lebanon, PA  17042-6139
          By:  Jaromir Kovarik, Esq.

          Attorneys for Defendants

          GARBARINI & SCHER, P.C.
          432 Park Avenue South, 9th Floor
          New York, NY  10016-8013
          By:  Gregg D. Weinstock, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-9-13

1

**Sweet, D.J.**

Plaintiff Vladimira Koch a/k/a Vladka Koch ("Ms. Koch" or "Plaintiff") moves the Court for partial summary judgment under Local Rule 56.1 against Defendants' Vratislav Pechota, Jr., Esq. ("Pechota" or the "Defendant") and his firm, the Law Office of Vratislav Pechota, Jr., Esq. (collectively, the "Defendants"). Defendants, in turn, cross move for leave to renew their prior F.R.C.P. 56 summary judgment motion, or in the alternative ask the Court to grant Defendants' motion in limine to preclude the testimony of certain expert witnesses.  For the reasons set forth below, both Plaintiff's motion for summary judgment and Defendants' cross motion for summary judgment are denied.  Defendants' motion to exclude certain of Plaintiff's expert witnesses is denied in part and granted in part.

## I. BACKGROUND AND PROCEDURAL HISTORY

The facts underlying this action were previously set forth in a number of opinions by this Court. *See e.g. Koch v. Pechota*, No. 10 CIv. 9152, 2013 WL 3892827 (S.D.N.Y. July 25, 2013); *Koch v. Pechota*, No. 10 Civ. 9152, 2012 WL 2402577 (S.D.N.Y. June 26, 2012); *Koch v. Pechota*, No. 10 Civ. 9152, 2012 WL 4876784 (S.D.N.Y. Oct. 12, 2012) (the "October 11 Opinion"); Dkt. No. 177 (Opinion, dated June 22, 2012) (the

2

"June 22 Opinion"); Dkt. No. 190 (Opinion, dated October 11, 2012).  The general background of this case and prior litigation between the parties is assumed.

On March 20, 2013, Plaintiff filed a motion for summary judgment.  On July 26, 2013, Defendants cross moved pursuant to F.R.C.P. 60(b)(2) for leave to renew their prior motion for summary judgment dismissing the Amended Complaint or in the alternative,  for the Court to grant their motion in limine to preclude the expert testimony of either Robert Gottfried, Esq. or Stephen Yale-Loehr, Esq., Plaintiff's immigration law experts and Marcia Knight, Ph.D., Plaintiff's psychological or emotional damages expert.  These motions were marked fully submitted on August 21, 2013.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *SCS Commc'ns, Inc. v. Herrick Co.,* 360 F.3d 329, 338 (2d Cir. 2004). In determining whether a genuine issue of material fact does exist, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Gibbs-Alfano v.*

*Burton,* 281 F.3d 12, 18 (2d Cir.2002). In addition, courts do not try issues of fact on a motion for summary judgment, but rather, determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party has the initial burden of showing that there are no material facts in dispute, *Adickes v. S.H. Kress & Co.,* 398 U .S. 144, 157 (1970), and can discharge this burden by demonstrating that there is an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 325. The nonmoving party then must come forward with "specific facts showing that there is a genuine issue for trial," F.R.C.P. 56(e), as to every element "essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "[T]he non-moving party may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that its version of the events is not wholly fanciful." *Morris v. Lindau,* 196 F.3d 102, 109 (2d Cir. 1999) (quotation omitted).

### III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS DENIED

Plaintiff seeks summary judgment on (1) the Fourth cause of action for negligent misrepresentation; (2) the Tenth cause of

4

action for breach of contract; (3) the Eleventh cause of action

for conversion; (4) the Twelfth cause of action for spoliation

of evidence; (5) the Thirteenth cause of action for violation of

Judiciary Law § 487; (6) the Fourteenth cause of action for RICO

violation; and for (7) punitive damages.

A. Plaintiff's Fourth, Tenth and Thirteenth Causes of
   Action: Negligent Misrepresentation; Breach of Contract
   and Judiciary Law § 487

To demonstrate negligent misrepresentation, a plaintiff

must show that (1) the defendant had a duty as a result of a

special relationship to give correct information; (2) the

defendant made a false representation that he or she should have

known was incorrect; (3) the defendant knew that the plaintiff

desired the information for a serious purpose; (4) the plaintiff

intended to rely and act upon it; and (5) the plaintiff

reasonably relied on it to his or her detriment. *Hydro

Investors, Inc. v. Trafalgar Power Inc.,* 227 F.3d 8, 20 (2d Cir.

2000). "Negligent misrepresentation is a type of fraud and, as

such, is subject to Rule 9(b)'s heightened pleading standard."

*Maalouf v. Salomon Smith Barney, Inc.,* No. 02 Civ. 4770(SAS),

2003 WL 1858153, at *4 (S.D.N.Y. Apr. 10, 2003) (citing *Simon v.

Castello,* 172 F.R.D. 103, 105 (S.D.N.Y. 1997)).

In order to prevail on a breach of contract claim under New

York law, a plaintiff must prove "(1) the existence of a

5

contract; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages." *United Resource Recovery Corp. v. Ramko Venture Mgmt.,* 584 F.Supp.2d 645, 652 (S.D.N.Y. 2008). The burden rests upon the Plaintiff to prove these elements by a preponderance of the evidence. *See e.g., Enercomp, Inc. v. McCorhill Pub., Inc.,* 873 F.2d 536, 542 (2d Cir. 1989).

To impose a sanction for violation of Judiciary Law § 487, a plaintiff must establish that an attorney is: "guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or willfully delays his client's suit with a view to his own gain; . . . [or] is guilty of a misdemeanor, and in addition to the punishment prescribed therefore by the penal law, he forfeits to the party injured treble damages, to be recovered in civil action." N.Y. Jud. L. § 487(a). "A violation of Judiciary Law § 487 may be established either by the defendant's alleged deceit or by an alleged chronic, extreme pattern of legal delinquency by the defendant." *See Boglia v. Greenberg*, 63 A.D.3d 973, 975 (2d Dep't 2009) (quoting *Knecht v. Tusa*, 15 A.D.3d 626, 627 (2d Dep't 2005)).

Plaintiff asserts that all elements of these three claims are satisfied, and further that because Defendants' answer did

6

not deny any of Plaintiff's allegations supporting these claims,
summary judgment is appropriate.  *See* F.R.C.P. 8(6)(b) ("an
allegation . . . is admitted if a responsive pleading is
required and then allegation is not denied").

It is undisputed that Ms. Koch had a contract with
Defendants, including at least one retainer agreement, to obtain
Ms. Koch a green card in the United States.  However, each of
the three claims turns on the factual issue of whether
Defendants were, in fact, retained by Plaintiff *following* the
issuance of the green card: if Defendants were not Plaintiff's
lawyers after the green card itself was issued, and Plaintiff
was or should have been aware of this fact, Defendants would
have had no contract or duty to ensure Plaintiff's continued
stay in the United States and the negligent misrepresentation,
breach of contract, and Judiciary Law § 487 claim fail.  Thus,
despite Plaintiff's arguments to the contrary, the allegations
underlying these claims are in factual dispute and summary
judgment is inappropriate at this stage.

B. Plaintiff's Eleventh Cause of Action: Conversion

To establish conversion, a plaintiff must allege (1) title
to the property converted, or his right to possession of that
property; (2) an act of conversion by the defendant; and (3)
damages caused by the conversion." *Simon v. Weaver,* 327

7

F.Supp.2d 258, 262 (S.D.N.Y. 2004) (internal quotation marks and citation omitted); *see also Jaffe v. Capital One Bank,* No. 09 Civ. 4106(PGG), 2010 WL 691639, at *7 (S.D.N.Y. Mar. 1, 2010).

Plaintiff asserts that she has an immediate superior right to possession of her legal files, that she has requested these files numerous times, that Defendants have failed and continue to fail to provide these files to Plaintiff, and that the loss of these files has caused Plaintiff to suffer damages in her various lawsuits.  Plaintiff alleges that because Defendants have not denied these allegations, summary judgment is appropriate.  *See* F.R.C.P. 8(6)(b) ("an allegation . . . is admitted if a responsive pleading is required and then allegation is not denied").  However, Defendants have denied these allegations.  (*See* Defendants' Second Amended Answer, Document 267; "Second Amended Answer," Ex. 1.)  Further, Plaintiff has failed to allege which files have purportedly been withheld, and how and to what extent the loss of these files has led to damages.  This "uncertainty concerning [P]laintiff's damages, along with the disputed facts" concerning the Defendants' alleged acts of actually withholding or not being in possession of these files, renders summary judgment on the conversion claim inappropriate. *Schatzki v. Weiser Capital Management, LLC,* 2012 WL 169779, at *7 (S.D.N.Y. Jan. 19, 2012).

C. Plaintiff's Twelfth Cause of Action: Spoliation of
   Evidence

A party seeking spoliation sanctions has the burden of
establishing the elements of a spoliation claim. *Byrnie,* 243
F.3d at 109; *accord Centrifugal Force, Inc. v. Softnet Commc'n,
Inc.,* 783 F.Supp.2d 736, 740-41 (S.D.N.Y. 2011) (citing *White v.
Fuji Photo Film USA, Inc.,* 2009 WL 1528546, at *1 (S.D.N.Y. June
1, 2009); *Adorno,* 258 F.R.D. at 227). These elements are (1)
that "the party having control over the evidence ... had an
obligation to preserve it at the time it was destroyed"; (2)
that the evidence was "destroyed with a culpable state of mind";
and (3) that the destroyed evidence was "relevant" to the
party's claim or defense. *Byrnie,* 243 F.3d at 107-09 (alteration
in original) (internal citations and quotation marks omitted).
Any sanction imposed should be designed to "(1) deter parties
from engaging in spoliation; (2) place the risk of an erroneous
judgment on the party who wrongfully created the risk; and (3)
restore the prejudiced party to the same position he would have
been in absent the wrongful destruction of evidence by the
opposing party." *West,* 167 F.3d at 779 (internal citations and
quotation marks omitted). Additionally, "[i]t is well accepted
that a court should always impose the least harsh sanction that
can provide an adequate remedy." *Pension Comm. of Univ. of
Montreal Pension Plan v. Banc of Am. Sec., Inc.,* 685 F.Supp.2d

9

456, 457 (S.D.N.Y. 2010) (internal citations omitted), *abrogated on other grounds by Chin v. Port Auth. of N.Y. & N.J.,* 685 F.3d 135 (2d Cir. 2012). "Although a district court has broad discretion in crafting a proper sanction for spoliation, . . . the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *West,* 167 F.3d at 779 (citation omitted); *accord Adorno v. Port Auth. of N.Y. & N.J.,* 258 F.R.D. 217, 227-28 (S.D.N.Y. 2009).

Plaintiff alleges that Defendants, in losing or destroying Plaintiff's legal files, severely injured and prejudiced Ms. Koch in her legal pursuits. Plaintiff, however, has not demonstrated any evidence establishing that these files were destroyed, or in the event that they were, that Defendants did so with the required "culpable state of mind." *Byrnie,* 243 F.3d at 107-09. In fact, Plaintiff has not even specified which particular files she is referring to, or documented communications where Defendants have failed to produce these files. Accordingly, no basis for summary judgment has been established.

D. Plaintiff's Fourteenth Cause of Action: RICO

"To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury

10

to business or property; and (3) that the injury was caused by the violation of Section 1962." *DeFlaco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001) (quoting *Pinnacle Consultants, Ltd. v. Leudadia Nat'l Corp.*, 101 F.3d 900, 904 (2d Cir. 1996)).  To establish a substantive RICO violation, a plaintiff must show a "pattern of racketeering activity," 18 U.S.C. § 1962(a)-(c), and to establish a RICO conspiracy, a plaintiff must show a conspiracy to commit a substantive RICO violation, *id.* § 1962(d).  Thus, "[u]nder any prong of § 1962, a plaintiff in a civil RICO suit must establish a 'pattern of racketeering activity.'" *GICC Capital Corp.*, 67 F.3d at 465.

Plaintiff alleges, solely on information and belief, that Defendants and Mr. Koch engaged in a scheme, including wire fraud, mail fraud, obstruction of justice, interference with commerce and racketeering, to transport Plaintiff's property interstate, and that Defendants profited from these illegal activities.  Aside from these conclusory speculations, Plaintiff offers no proof of this collusion, no evidence of any pattern of illegal behavior, and no facts supporting these allegations.  Further, despite Plaintiff's contentions, Defendants do deny these allegations. (*See* Second Amended Answer.)  Summary judgment is thus inappropriate on this issue.

11

E. <u>Plaintiff's Request for Punitive Damages</u>

Finally, Plaintiff seeks summary judgment on the issue of punitive damages. "Punitive damages, in contrast to compensatory damages, are awarded to punish a defendant for wanton and reckless or malicious acts and to protect society against similar acts." *Rivera v. City of New York,* 40 A.D.3d 334, 344 (1st Dep't 2007), citing *Home Ins. Co. v. American Home Prods. Corp.,* 75 N.Y.2d 196, 200 (1990). "Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights." *Rocanova,* 83 N.Y.2d at 613, 612 N.Y.S.2d at 342, 634 N.E.2d 940 (citing *Garrity v. Lyle Stuart, Inc.,* 40 N.Y.2d 354, 358 (1976)).

Plaintiff asserts a slew of allegations in support of punitive damages, including, upon information and belief, that Defendants requested payment to a Czech bank to avoid income taxes in the United States and destroyed documents to avoid fraud, and that Defendants committed tortious and fraudulent acts in violation of RICO and constituting reckless and wanton behavior. However, as discussed, Plaintiff offers no factual basis for these speculative allegations, and has not established any facts constituting "wanton and reckless" behavior sufficient

12

for summary judgment.  Accordingly, summary judgment regarding
punitive damages is denied.

### IV.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS DENIED

Defendants cross move for leave to renew their prior motion
for summary judgment under F.R.C.P. 60(b)(2) on statute of
limitation grounds,  and alternatively move for summary judgment
because Plaintiff has failed to provide expert testimony on the
issue of proximate cause necessary to sustain Plaintiff's legal
malpractice claims.

Rule 60(b)(2) provides that "[o]n motion and just terms,
the court may relieve a party or its legal representative from a
final judgment, order, or proceeding for . . . newly discovered
evidence that, with reasonable diligence, could not have been
discovered in time to move for a new trial under Rule 59(b)."
Rule 60(c) provides that this motion may not be made more than
one year after the original judgment.  On June 26, 2012, this
Court issued an opinion denying Defendants' motion for summary
judgment on Plaintiff's legal malpractice claims on statute of
limitations grounds.  In New York, an action to recover for
legal malpractice is governed by a three year statute of
limitations, N.Y. C.P.L.R. § 214(6); *Bastys v. Rothschild,* 154
Fed App'x. 260, 262 (2d Cir. 2005), and it begins to run on "the
day an actionable injury occurs," regardless of when plaintiffs

discover such injury.  *McCoy v. Feinman,* 99 N.Y.2d 295, 301

(2002).  Under the "continuous representation doctrine,"

however, the statute of limitations is tolled for as long as

"there is a mutual understanding" between attorney and client

"of the need for further representation on the specific subject

matter underlying the malpractice claim." *Id.* at 306; *see also*

*Shumsky v. Eisenstein,* 96 N.Y.2d 164, 169 (2001) (finding that

continuous representation existed where plaintiffs were "left

with the reasonable impression that defendant was, in fact,

actively addressing their legal needs" in connection with the

matter in question).

     As this Court established in its 2012 opinion and as is

established by the facts set forth above, Defendants and Ms.

Koch have differing versions of the duration of Defendants'

continued representation. The duration of the representation

according to Ms. Koch extended into the three-year limitation

period (2007-2010) and included the removal of the conditions of

her and Mr. Koch's green cards, conditions which were never

removed.  In addition, Ms. Koch's affidavit can be read to

allege that Defendants' advice resulted in her inability to

enter the United States.  According to Defendants, in contrast,

the legal malpractice claim expired in or around January 2005

after the original green cards were issued and Defendants

14

representation ceased, therefore rendering Plaintiff's claim time-barred.  Thus, there are disputed questions of fact concerning the duration of the representation, its extent, and the final date of any alleged malpractice, which bars the grant of summary judgment on statute of limitation grounds. *See Protostorm, LLC v. Antonelli, Terry, Stout & Kraus,* --- F.Supp.2d ----, 2011 WL 5975896, at *11-13 (E.D.N.Y. Nov. 29, 2011) (denying a motion for summary judgment on statute of limitation grounds based on questions as to the duration and termination of representation).  The fact that Plaintiff's experts could not shed light on this factual misunderstanding does not change the fact that there still remain disputed questions of fact, rendering summary judgment inappropriate.

Similarly, the lack of expert testimony establishing the proximate causation element of Plaintiff's legal malpractice claims is not fatal.  Defendants assert that a claim of legal malpractice requires expert testimony regarding proximate causation to establish a viable cause of action, but cite no case establishing this requirement nor does such a requirement exist.[1]  As has been established, a factual dispute remains as to

---

[1] The cases cited by Defendants for the proposition that legal malpractice claims require expert testimony as to proximate causation are inapposite, and establish only that where a defendant establishes expert testimony regarding attorney standard of care, a plaintiff must then offer comparable expert evidence to raise a triable issue of fact.  For instance, in *Orchard*

the duration and extent of Defendants' representation of Ms. Koch.  If Ms. Koch is correct that Defendants continued representing Plaintiff after the green card was issued and did not work to remove the restrictions on the green card, resulting in Ms. Koch's ultimate deportation, it is a reasonable inference that Plaintiff suffered economic loss associated with her divorce as a result of Defendants' failure to ensure Ms. Koch's ability to return to the U.S. and attend the court proceedings. Accordingly, the proximate causation element of Plaintiff's legal malpractice claims remains a factual dispute and summary judgment is inappropriate.

---

*Motorcycle Distributors, Inc. v. Morrison Cohen Singer & Winstein, LLP*, 49 A.D.3d 292, the court found that where the defendant's expert affidavit shifted the burden as to standard of care, and plaintiffs failed to submit their own expert affidavit delineating the appropriate standard of professional care and skill to which defendant was required to adhere, and where the corporate plaintiffs' dire financial situation was brought on by factors independent of defendant's professional representation, rendering the claim that defendant proximately caused plaintiffs' business failure speculative, summary judgment was appropriate. *Id.; see also Merlin Biomed Asset Management v. Wolf Block Schorr & Solis-Cohen, LLP*, 23 A.D.3d 243, 803 (1st Dep't 2005) (finding that where defendants expert testimony established a standard of care and plaintiff did not have any counter evidence, no triable issue of fact remained precluding summary judgment). Here, in contrast, Defendants have submitted no expert testimony of their own establishing a sufficient standard of care shifting the burden to Ms. Koch. Further, in *Sherman v.* Ansell, 207 A.D.2d 537, 616 (2d Dep't 1994), also cited by Defendants, the court recognized that "the issue of whether an attorney's conduct constitutes legal malpractice normally requires that factual determinations be made by a jury" and denied a request for summary judgment on this issue. *Id.*  Thus, Defendants have failed to establish adequate grounds for summary judgment on this issue.

16

## V. DEFENDANT'S MOTION FOR EXCLUSION OF EXPERT TESTIMONY IS DENIED IN PART AND GRANTED IN PART

Finally, Defendants request that the Court preclude as needlessly cumulative the trial testimony of either Robert Gottfried, Esq., or Stephen Yale-Loehr, Esq., Plaintiff's immigration experts, and entirely preclude the testimony of Marcia Knight, PH.D, Plaintiff's psychological and emotional state expert, as irrelevant to Plaintiff's claims.

### A. Experts Gottfried and Yale-Loehr

Defendants seek to exclude either of Plaintiff's immigration experts, Mr. Gottfried or Mr. Yale-Loehr, under Rule 403 as unduly cumulative. (Def. Cross Motion, at 16.) Rule 403 provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Cumulative evidence is defined as "[a]dditional evidence that is repetitive of a line already established and that will add only a small increment of probability" that the asserted fact is true. *U.S. v. Brand*, 2005 WL 94849, at *2 (S.D.N.Y. Jan. 14, 2002); *see also* Weinstein's Fed. Evid. § 401.04[2][e][iii] (2004). Cumulative evidence should also be excluded if, though relevant,

17

by its mere quantity it will give the trier of fact an unbalanced view of the matter. *Id.*

Aside from the broad contention that Plaintiff's two experts "reviewed the same documents" and testified as to similar subjects (*see* Def. Cross Motion, at 16), Defendants offer no evidence or even speculation of how two similar experts would be unduly cumulative, or in any way prejudice or delay the proceedings by the "mere quantity" of the testimony. In fact, the two witnesses differ in their specific insights: Mr. Gottfried testified as to the nature and ethics of the attorney-client relationship in general, while Mr. Yale-Loehr testified as to the procedures in immigration law available to Ms. Koch. Regardless, Defendants have failed to establish how two experts alone, even if they were to testify as to substantially similar issues, would be sufficient reason to preclude either of the experts under Rule 403. *Cf. F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1257 (2d Cir. 1987) (finding a witness cumulative when four other witnesses testified as to same information and witness offered no unique insight). Defendants' motion to preclude either of the immigration experts is thus denied.

18

B. Expert Marcia Knight, Ph.D

Defendants additionally seek to preclude Plaintiff's expert Marcia Knight, Ph.D, on the ground that her testimony concerning Plaintiff's psychological and emotional state is irrelevant to Plaintiff's claims. *See* FRE 402 ("evidence which is not relevant is not admissible"); *see also Henry v. Wyeth Pharmaceuticals*, 616 F.3d 134 (2d Cir. 2010). Defendants argue that because under New York law damages for emotional and mental pain and suffering are not recoverable in legal malpractice actions, Dr. Knight's testimony that Plaintiff's preexisting emotional problems were exacerbated during depositions is unduly prejudicial, irrelevant and as such that Dr. Knight should be precluded from testifying at trial. *See, e.g.*, *Green v. Lebowitz*, 118 A.D.2d 756, 757 (2d Dep't 1986) ("[W]e have never recognized a cause of action [for damages for emotional distress] as broad as that asserted by the plaintiff, which would indeed encompass the ordinary case of legal malpractice. While physical injury is no longer a necessary element, the cause of action must, nevertheless, be premised upon a breach of duty which 'unreasonably endanger[s] the plaintiff's physical safety'"); *Dirito v. Stanley*, 203 A.D.2d 903 (4th Dep't 1994) (the "Supreme Court properly dismissed plaintiffs' demand for damages for 'emotional and mental pain [and] suffering' in this

19

legal malpractice action. We reject plaintiffs' argument that
such damages are recoverable in a legal malpractice action,
whether based on the negligence or breach of contract causes of
action asserted in the complaint.").

Defendants are correct that damages for emotional distress
are inappropriate for Plaintiff's alleged legal malpractice
claims under New York Law.  Plaintiff, however, maintains that
Dr. Knight's testimony is not to establish punitive damages, but
to rehabilitate Ms. Koch's testimony, which includes gaps in
memory and confusion, by explaining Dr. Knight's "theories and
opinions concerning PTSD and repressed memory [and] whether
[Plaintiff's] behavior is consistent with someone who is
suffering from repressed memory or [PTSD]."  *Isely v. Capuchin
Province*, 877 F. Supp. 1055, 1058 (1955).

To the extent Dr. Knight's testimony is introduced to
establish and rehabilitate Ms. Koch's state of mind with regard
to PTSD, Dr. Knight's testimony will not be precluded.  *See id;
see also Borawick v. Shay*, 68 F.3d 597, 610 (2d Cir. 1995)
(noting the "presumption of admissibility" of expert testimony).
To the extent Dr. Knight's testimony relates to damages from
emotional distress arising from Defendants' purported legal
malpractice, the testimony will be excluded.  *See, e.g., Green
v. Lebowitz*, 118 A.D.2d 756, 757 (2d Dep't 1986) (holding that

20

damages for emotional distress are inappropriate for legal

malpractice places under New York law).

## VI.   CONCLUSION

For the foregoing reasons, (1) Plaintiff's motion for summary judgment is denied; (2) Defendant's motion for summary judgment is denied; (3) Defendant's motion to exclude either expert Gottfried or Yale-Loehr is denied; and (4) Defendant's motion to exclude Dr. Knight is denied in part and granted in part.

It is so ordered.

**New York, NY**
~~September~~ *August* 3, 2013

ROBERT W. SWEET
U.S.D.J.

22