```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

VLADIMIRA KOCH a/k/a VLADKA KOCH;
                    Plaintiff,              10 Civ. 9152

                                                OPINION

    -against-

VRATISLAV PECHOTA, JR., ESQ.,
individually, and LAW OFFICE OF
VRATISLAV PECHOTA, JR., ESQ.,

                    Defendants.

------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        KTHL LAW OFFICES, P.C.
        c/o 412 Chestnut Street, Suite 100
        Lebanon, PA  17042-6139
        By:  Jaromir Kovarik, Esq.

        Attorneys for Defendants

        GARBARINI & SCHER, P.C.
        432 Park Avenue South, 9th Floor
        New York, NY  10016-8013
        By:  Gregg D. Weinstock, Esq.
```

**Sweet, D.J.**

There are several motions currently pending in this action between Plaintiff Vladimira Koch a/k/a Vladka Koch ("Ms. Koch" or the "Plaintiff") and Defendants Vratislav Pechota, Jr., Esq. ("Pechota" or the "Defendant") and his firm, the Law Office of Vratislav Pechota, Jr., Esq. (collectively, the "Defendants). This case has a long history, and the record is replete with the difficulties presented. As set forth below, this opinion resolves all outstanding motions by the parties and the non-party witnesses prior to the scheduled trial date of November 18, 2013.

The facts underlying this action were previously set forth in a number of opinions by this Court. *See e.g. Koch v. Pechota*, No. 10 Civ. 9152, 2013 WL 3892827 (S.D.N.Y. July 25, 2013); *Koch v. Pechota*, No. 10 Civ. 9152, 2012 WL 2402577 (S.D.N.Y. June 26, 2012); *Koch v. Pechota*, No. 10 Civ. 9152, 2012 WL 4876784 (S.D.N.Y. Oct. 12, 2012) (the "October 11 Opinion"); Dkt. No. 177 (Opinion, dated June 22, 2012) (the "June 22 Opinion"); Dkt. No. 190 (Opinion, dated October 11, 2012). Familiarity with the general background of this case and prior decisions is assumed.

1

Upon the conclusions and facts set forth below: (1) the motions of the third-party witnesses are granted and the pending subpoenas and notices are quashed; (2) Plaintiff's motion for continuance is denied; (3) Plaintiff's motion to admit Ms. Koch's former testimony is denied; and (4) Plaintiff's motion for proposed jury instructions is denied.

## I. *The Non-Party Witnesses' Motions to Quash Are Granted*

Non-party witnesses Loriann Vita, Esq. ("Vita") and Raymond Ragues, Esq. ("Ragues"), who were involved in the separate state litigation brought by the Plaintiff in the Supreme Court of the State of New York (the "State Court Action") involving her divorce proceedings, have moved to quash subpoenas served upon them pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Rule 45 of the Federal Rules of Civil Procedure requires that "[a] party issuing a subpoena to a non-party for the production of documents during discovery must provide prior notice to all parties to the litigation." Fed.R.Civ.P. 45(b)(1); *Schweizer v. Mulvehill,* 93 F.Supp.2d 376, 411 (S.D.N.Y. 2000). The rule also mandates that an attorney issuing a subpoena "must

2

take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). If the subpoena imposes an undue burden or expense, the issuing Court is empowered to quash the subpoena. Fed. R. Civ. P. 45(2)(c)(3)(iv). "Motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the court.'" *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).

Whether a subpoena imposes an undue burden "depends on such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03-1382(RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) (citations and quotations omitted). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Id.* Additionally, "the status of a witness as a non-party to the underlying litigation entitles [the witness] to consideration regarding expense and inconvenience." *Id.; see also Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) (stating

3

that the "'undue burden' standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties.").

On July 2, 2013, Jaromir Kovarik ("Kovarik"), counsel for the Plaintiff, deposed Vita in a separate New York state legal malpractice action brought by Plaintiff against three law firms involved in her underlying divorce action. Vita operates a per diem legal services firm, where she makes court appearances on behalf of attorneys of record who require coverage at court status conferences. Vita was retained by Ragues and Min, Esqs., the attorneys of record in Ms. Koch's divorce action, for three status conferences in Westchester County. Vita was unable to attend any of these conferences, and assigned one of her affiliated attorneys to cover them. As testified to at her deposition, Vita has not met or conversed with any of the relevant parties in the instant litigation and has no personal knowledge relevant to either of Plaintiff's actions.

Plaintiff has not met her burden to show how the information sought by Vita is relevant and material to the

allegation and claims at issue in this proceeding. The Plaintiff has contented that the fact Vita has not met any of the parties is all the more reason for Vita to testify concerning the parties who represented Plaintiff in the underlying action and in the Westchester County divorce proceeding. (Plaintiff Opposition to Vita at 3.) However, Vita has already been deposed as to this issue, and in addition to never meeting any of the relevant parties, has testified under oath that she has no relevant knowledge to any issue pertaining to either of Plaintiff's actions. There is no legitimate purpose served by offering Vita as a witness at trial. For the reasons stated above, the subpoena is quashed as to Vita. Upon a showing of relevance her deposition may be introduced.

Ragues is a defendant in Ms. Koch's separate state court action, *Koch v. Sheresky, Aronson, et al.,* in the New York Supreme Court. (Dkt. No. 112337/07, filed on November 23, 2011). The State Court Action alleges negligence by Ragues in his representation of Ms. Koch during her matrimonial action.

On September 9, 2013 (Dkt. No. 380), Kovarik sought to compel Ragues to appear and testify at the trial in this action

that then was scheduled for September 23, 2013. That same day, Ragues submitted a declaration in opposition (Dkt. No. 389), explaining that he was not retained by Ms. Koch to provide any immigration advice, but solely as her matrimonial counsel in late 2004 until being terminated in September 2005. (Ragues Transcript, "Ragues Tr."; 681-87, 735-36, 817-31, 915-16, 1083-88.) Ragues has already been questioned extensively concerning Ms. Koch's immigration issues and her immigration lawyer, Mr. Pechota. (*Id.*) Ragues has had no direct contact with Pechota, is unaware of any information relating to Ms. Koch's immigration matters, and had no documents responsive to the request for such documents. On September 13, 2013, this matter was raised orally at a conference and Plaintiff's request to compel Ragues testimony was denied. (Dkt. No. 405.) Ragues has no knowledge concerning the issues in this case and has already been thoroughly questioned as to that effect. Plaintiff has failed to provide any basis or evidence establishing that Ragues's testimony is relevant and material to any of the allegations and claims at issue in this proceeding. There is no legitimate purpose served by offering Ragues as a witness and his subpoena is also quashed. Upon a showing of relevance his deposition may be introduced.

The motions to quash the subpoenas are granted.

## II. *Plaintiff's Motion for a Continuance Based on Plaintiff's Mental Incompetence to Participate at Trial is Denied*

On October 23, 2013, Plaintiff filed a motion for a continuance based on Plaintiff's lack of mental competence to participate or appear at trial.

A party's demand for an adjournment of a civil trial until the party can make a personal appearance "is entrusted to the sound discretion of the trial judge." *Payne v. Jones*, 711 F.3d 86, 90-91 (2d Cir. 2013) (quoting *Davis v. United Fruit Co.*, 402 F.2d 328, 330 (2d Cir. 1968); *see also United States v. Cusack*, 229 F.3d 344, 349 (2d Cir. 2000) (per curiam) ("A district court has broad discretion to grant or deny a motion for a continuance."). The absence of a party from part or all of a civil trial is not *per se* prejudicial. *See, e.g., Lamb v. Globe Seaways, Inc.*, 516 F.2d 1352, 1353 (2d Cir. 1975) ("This Circuit has consistently upheld the practice of denying trial continuances in cases in which a party or a witness was absent from the trial."). The Second Circuit has "affirmed orders denying continuances unless there is a showing both of

arbitrariness and of prejudice to the defendant." *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 100 (2d Cir.2001).

Here, it is the Plaintiff, not the Defendant, who alleges that she is unable to appear at trial, which was initially set on March 21, 2013 to commence on April 15, 2013. After numerous motions for delay by the Plaintiff, all of which were granted, including four separate trial dates, on September 13, 2013, a conference was heard regarding Plaintiff's request to delay trial due to her incompetence and inability to appear based on development of Post-Traumatic Stress Disorder ("PTSD") and Major Depressive Disorder ("MMD") resulting from physical and mental abuse from her former husband, which allegedly has been exacerbated by prosecuting this action. No testimony or affidavits supported these statements. The Court noted, "I have nothing before me except your unverified statement based on a telephone call. I don't challenge it, but that's not good enough." (Dkt. No. 405, 12:25, 13:1-2.) Regardless, the Court agreed to give Plaintiff the opportunity to provide such documentation by the then scheduled September 23, 2013 trial date:

> So, I mean we can't dance around this case forever.
> So, if she, or you -- no, she -- I get some affidavit

8

>           from her that she is capable of getting -- leaving
>           aside her present physical condition -- capable of
>           coming to the United States and will come to the
>           United States to testify, then I will put this over,
>           give you an opportunity for her to get well and to
>           come. But that's all. Without that, it goes on the
>           23rd.

(Dkt. No. 405, 14:20-25, 15:1.)

On September 23, 2013, Plaintiff's attorney submitted his own declaration as to Plaintiff's want but inability to testify due to mental incompetence. (September 23, 2013 Transcript., "Sept. 23 Tr."; 3:10-23.)  The Court agreed to give Plaintiff further opportunity to cure herself given that her issues "seem[ed] to be psychiatric in origin," and set a new trial date for November 18, 2013.  The Court cautioned, "I think we should be sure when we dispose of this case that she has had every opportunity" to be heard.  (*Id.* 4:12-14.)  However, because of the multiple delays in this litigation, the Court explained that this would be Plaintiff's last opportunity to delay and that the Court would not "entertain any further delay on medical grounds unless there is something that hasn't been stated here."  (*Id.* 5:14-16; 4:10-14, "I think this is the last chance.".)

9

On October 23, 2013, Plaintiff submitted the instant motion, requesting a further continuance of the trial. This motion was set for hearing on November 6, 2013. Plaintiff's counsel waived his appearance the morning of the scheduled hearing and provides in support the psychological reports of Dr. Marcia Knight (Document 346-1), Dr. Betra Stroupkova (document 398-8), and Dr. Radka Wybitulova (Document 404-2.) alleging PTSD and MMD. Plaintiff maintains that MUDr.[1] Wybitulova's full expert report, including prognosis and length of treatment, is due by November 15, 2013.

Plaintiff chose to bring this lawsuit, where the initial trial date was scheduled for April 15, 2013, after extensive motion practice had already taken place. Plaintiff has been on notice of the pending trial dates, and has had months to provide sufficient expert reports. In addition, Plaintiff has been made aware that this trial date was the last postponement unless new medical evidence was provided to this Court. These claims stem from actions arising over thirteen

---

[1] "MUDr." is an abbreviation precedent the name used by physicians in the Czech Republic instead of M.D. behind the name used by physicians in the USA. MUDR. Wybitulova allegedly specializes in psychiatry.

years ago. Accordingly, Plaintiff's latest motion for a continuance, which provides no new medical evidence as to Ms. Koch's mental or physical condition, is denied. *See Lamb v. Globe Seaways, Inc.*, 516 F.2d 1352, 1353 (2d Cir. 1975) ("This Circuit has consistently upheld the practice of denying trial continuances in cases in which a party or a witness was absent from the trial" as the absence a party from part or all of a civil trial is not *per se* prejudicial).

### III. *Defendant's Motion to Admit Former Testimony of Plaintiff Because Plaintiff is Unavailable is Denied*

On May 1, 2013, Defendants moved to preclude the Plaintiff from testifying at trial pursuant to Rule 37(b)(2) and 37(d) of the Federal Rules of Civil Procedure because she had not completed her deposition. Rule 37(d) provides that if a party: (1) fails to appear to testify at a deposition after being served with a proper notice, (2) fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service thereof, or (3) fails to serve a written response to a request for inspection submitted under Rule 34, after proper service thereof, the Court may make such orders in regard to the failure as are just, including the imposition of any

11

sanction authorized under Rule 37(b)(2)(A), (B), and (C). Fed. R. Civ. P. 37(d).

The deposition of the Plaintiff in the Czech Republic commenced after extensive motion practice on February 28, 2013. (Dkt. No. 237.) Ms. Koch terminated her testimony that day before her cross-examination was began. (March 27, 2013 Hearing Transcript, "Mar. 27 Tr."; 6:13-25.) Despite offers by the Defendants to resume the deposition on numerous occassions, the Plaintiff has not been willing to complete her deposition. (*Id.*)

The failure of the Plaintiff to complete her deposition was raised at various hearings. On April 17, 2013, the Court stated that Plaintiff could "certainly be deposed" at any time before trial, but that "if she doesn't participate in the completing of the deposition, I will not permit her to testify [] because she has not submitted herself to the deposition." (Dkt. No. 287, at 9:3- 9:16.) The Court affirmed in both the March 27, 2013 Order and the July 25, 2013 opinion that Plaintiff must complete her deposition for her testimony to

be admitted at trial. *See Koch v. Pechota*, No. 10 Civ. 9152, 2013 WL 3892827 (S.D.N.Y. July 25, 2013). The Court stated,

> In consideration of the findings in this Opinion and the hearings on March 27, 2013 and April 17, 2013 addressing the issue of Plaintiff's deposition and its completion, Plaintiff is directed to appear for the completion of her deposition prior to trial. The Plaintiff has brought the instant action and now is on notice to complete her deposition prior to the scheduled trial date. Any failure to appear for the completion of Plaintiff's deposition will result in the preclusion of her testimony at trial, whether in person or video streamed.

*Id.* at \*10.

Following the July 25, 2013 opinion, Plaintiff has requested to delay the action, and the time for Plaintiff to attend her deposition has been extended. (*See, e.g.*, Dkt. No. 323; 405, 12:8-9 ("I would give her the opportunity to complete her deposition and to testify if she shows up"); 407.) During the September 23, 2013 conference, the Court once again affirmed its position, stating that Plaintiff "will not testify unless she completes her deposition. I have said that before." (Sept. 23 Tr. 4:2-3.) Plaintiff has been on notice of this requirement, has been given ample opportunity to submit to the

13

completion of her deposition, and has failed to do so.[2] (See Dkt. No. 405; 407.)  Accordingly, Plaintiff's motion for the admission of a portion of Ms. Koch's deposition is denied.

### IV. Plaintiff's Motion Directing a Jury Instruction to Draw no Adverse Inference from Plaintiff's Failure to Appear as Based on Illness and to Draw an Adverse Inference Against Defendants is Denied

Finally, Plaintiff requests that in the event her requests for delay or for Ms. Koch's prior testimony to be admitted are denied, that the Court instruct the jury that they may not draw an adverse inference from Plaintiff's nonappearance at trial but that an adverse inference against Defendants is warranted and required.  (Plaintiff Memorandum, "Mem."; at 11.)

Fed. R. Civ. P. 51(a) provides that a party can require jury instructions at the close of evidence or at any earlier reasonable time that the Court directs.

---

[2] Plaintiff contends that Ms. Koch's testimony should be permitted under FRE 804(b)(6), which is an exception to the hearsay rule for a statement offered against a party which wrongfully caused the declarant's unavailability, because Defendants are at fault for Ms. Koch's mental incompetence and inability to appear.  There is no evidence or support for this unwarranted allegation.

14

Plaintiff fails to provide any grounds for an adverse instruction against Defendants.  As found above, Plaintiff has not committed to either completion of her deposition or her appearance at trial.  Even if her illness had been established by competent evidence, which it has not, the condition was in no way caused by the actions of Defendants.  In the absence of any commitment by the Plaintiff to complete her deposition or to appear for trial, an adverse inference may be appropriate with respect to Ms. Koch's absence, depending upon any evidence adduced at trial.  Any such commitment on the eve of trial following this opinion under the circumstances described above will not be credited.

### V. CONCLUSION

For the foregoing reasons, (1) the motions of the third-party witnesses are granted, the subpoenas and notices are quashed; (2) Plaintiff's motion for continuance is denied; (3) Plaintiff's motion to admit a portion Ms. Koch's deposition is denied; and (4) Plaintiff's motion for proposed jury instructions is denied.

It is so ordered.

New York, NY
November 7, 2013

_____
ROBERT W. SWEET
U.S.D.J.