UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VLADIMIRA KOCH a/k/a VLADKA KOCH, | Docket No. 10-CIV-9152 |
| Plaintiff, | |
| -against- | Hon. Robert W. Sweet |
| VRATISLAV PECHOTA, JR., ESQ., individually, and LAW OFFICE OF VRATISLAV PECHOTA, JR., ESQ., | |
| Defendants. | |

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION PURSUANT TO F.R.C.P. 60(b)(2) AND (3) SEEKING RELIEF FROM THE COURT'S ORDER DATED NOVEMBER 21, 2013 DISMISSING THE COMPLAINT WITH PREJUDICE

**Garbarini & Scher, P.C.**
**Attorneys for Defendants**
*Vratislav Pechota, Jr., Esq. and Law Offices of Vratislav Pechota, Jr. s/h/a Law Offices of*
*Vratislav Pechota, Jr., Esq.*
**432 Park Avenue South**
**New York, New York 10016-8013**
**(212) 689-1113**

Of Counsel: Gregg D. Weinstock, Esq.

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................1

BACKGROUND ....................................................................................................1

LEGAL ARGUMENT .............................................................................................4

     POINT I:     THE AFFIDAVIT OF VLADIMIRA KOCH AND AFFIRMATION
                  OF DR. WYBITULOVA ARE INADMISSIBLE...………………......4

     POINT II:    PLAINTIFF HAS NOT SUBMITTED "NEWLY DISCOVERED
                  EVIDENCE" UNDER RULE 60(b)(2) TO WARRANT RELIEF
                  FROM THE COURT'S ORDER OF DISMISSAL …....……………......5

     POINT III:   PLAINTIFF HAS NOT DEMONSTRATED BY CLEAR AND
                  CONVINCING EVIDENCE THAT PLAINTIFF'S
                  UNAVAILABILITY FOR TRIAL WAS THE RESULT OF
                  DEFENDANT'S WRONGFUL CONDUCT TO SUPPORT RELIEF
                  FROM THE JUDGMENT PURSUANT TO F.R.C.P. 60(b)(3) ……....6

CONCLUSION ........................................................................................................7

# TABLE OF AUTHORITIES

Page

**Cases**

*Ben Sager Chemicals International, Inc. v. E. Targosz & Company*, 560 F.2d 805
(7th Cir. 1977) ...............................................................................................................5

*Donovan v. Sovereign Securities, Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984) ........................................5

*Fleming v. New York University*, 865 F.2d 478 (2d Cir. 1989) .......................................................6

*Frankel v. ICD Holdings S.A.*, 939 F.Supp. 1124 (S.D.N.Y. 1996) ................................................5

*Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986) .............................................................................5

*Puda Coal Securities, Inc. Litigation*, 2014 WL 715127 (S.D.N.Y. 2014) ....................................5

*Schlaifman v. State University of New York, Farmingdale*, 541 Fed. Appx. 91 (2d Cir. 2013) ......6

*United States v. International Brotherhood of Teamsters*, 247 F.3d 370 (2d Cri. 2001) ..............5

*United States v. Premises and Real Property With Buildings, Appurtenances and
Improvements at 219 Ingersol Street*, 198 F.3d 235 (2d Cir. 1999) ...............................................6

**Rules**

F.R.C.P. 60(b)(2) ............................................................................................................1, 5, 7

F.R.C.P. 60(b)((3) ...........................................................................................................1, 6, 7

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in Opposition to plaintiff's motion for an Order pursuant to F.R.C.P. 60(b)(2) and (3) seeking relief from the Court's Order dated November 21, 2013 dismissing the action with prejudice.   The Order was based upon plaintiff's failure to appear for a firm trial date on November 18, 2013 after plaintiff had been granted several adjournments.

As demonstrated herein, relief from the Rule 60(b) is an extraordinary requests and invoked only on a showing of exceptional circumstances.   Rule 60(b)(2) requires "newly discovered evidence."   The "newly discovered evidence" offered by plaintiff is a psychiatric examination report by Dr. Radka Wybitulova, signed and notarized on August 1, 2014, based upon an examination performed on July 3, 2014.   The report does not qualify as "newly discovered evidence" because it is merely cumulative of  prior reports regarding plaintiff's medical and psychiatric condition, and would not have changed the Court's decision to dismiss the action.   Rule 60(b)(3) is based upon the opposing party's misconduct, which must be proven by clear and convincing evidence.   The alleged "misconduct" involves defendant's questioning of plaintiff during her deposition, which did not amount to any misconduct whatsoever.

## BACKGROUND

As the Court is well aware, this is an action alleging legal malpractice regarding the Pechota defendants' representation of plaintiff concerning certain immigration matters in and around 1998 through on or about January 5, 2002.  Defendant VRATISLAV PECHOTA, JR., ESQ. ("Mr. Pechota") is an attorney specializing in immigration law who was initially contacted in 1998 by plaintiff, VLADIMIRA KOCH ("Mrs. Koch"), and her former husband, Robert Koch, residents of the Czech Republic, related to Mrs. Koch's efforts to obtain permanent

resident status in the United States (*i.e.*, to obtain a green card).  In and around 2000, Mr. Koch and Mrs. Koch formally retained the Pechota defendants to prepare necessary documents for Mrs. Koch to obtain a green card, which was issued on January 5, 2002.

The action was commenced in New York State Supreme Court on or about December 2, 2010 and removed to this Court on or about December 8, 2010.

The issue of plaintiff's alleged medical and psychological condition was extensively litigated during the discovery phase of the litigation and was the subject of plaintiff's numerous requests to adjourn the trial.  On March 27, 2013 the Court ordered the trial to commence on April 15, 2013 (Document 383-1, p. 7).  Then, during a conference the next day, March 28, 2013, the Court directed plaintiff's deposition -- which began on February 28, 2013 in the Czech Republic and was not completed – to be completed by May 13, 2013 or plaintiff would be precluded from testifying at trial (Document 383-2, pp. 3, 10-11).  The Court also adjourned the trial at plaintiff's request until September 16, 2013 (Document 383-2, pp. 3-4).  Thereafter, plaintiff made a motion to adjourn the trial in part because of the unavailability of plaintiff to testify on medical grounds (Document 398; *see* Exhibit 1).  As the Court can see, plaintiff's counsel had argued to the Court that, "Plaintiff's medical and psychological condition has deteriorated over the past year [2013]" (¶ 18, Affirmation of plaintiff's counsel).  "Ms. Koch suffers from PTSD as well as depression.  The attached medical reports from Dr. Knight [*see* Doc 346-1] and Ms. Koch's treating family physician (Exhibit G) and treating psychiatrist MUDr. Stroupkova (Exhibit H) support this medical and psychological finding" (*see* ¶ 27, Affirmation of plaintiff's counsel).  "She is currently being treated in the Czech Republic, and is being confined to bed by MUDr. Rosypalova and MUDr. Stroupkova.  A supplementary

examination has been performed by MUDr. Wybitulova" (*see* ¶ 28, Affirmation of plaintiff's counsel).

Plaintiff's counsel further argued that defendant's questioning of plaintiff during her deposition exacerbated her post-traumatic stress disorder (PTSD) (*see* ¶ 18, Affirmation of plaintiff's counsel).

The Court granted plaintiff's request and adjourned the trial to September 23, 2013 (Document 398-10, pp. 9, 13-14).   During a Status Conference on that date, plaintiff again requested an adjournment, which the Court granted to November 18, 2013.

Plaintiff's counsel filed a motion for yet a further (fourth) adjournment again based upon plaintiff's mental incapacitation to participate at trial (Documents 414 and 415).   In support of the motion, plaintiff's counsel stated in his Affidavit:

> I was informed by MUDr. Wybitulova, a psychiatric expert who examined Ms. Koch and who concurs with the opinion of her treating psychiatrist MUDr. Stroupkova, that Ms. Koch will be unavailable to testify as a competent witness at the trial in this matter scheduled for November 18, 2013.
>
> Completion and delivery of MUDr. Wybitulova's expert report, including the prognosis and evaluation of treatment time for Ms. Koch's Post Traumatic Stress Disorder ("PTSD") and Major Depression Disorder ("MDD") treatment has been promised by November 15, 2013.
>
> (*See* ¶¶ 6 and 8, Affidavit of plaintiff's counsel; Exhibit 2).

By Order dated November 7, 2013 (Document 440), the Court denied plaintiff's motion for a continuance based upon plaintiff's mental incompetence.   In its Decision, the Court stated:

> After numerous motions for delay by the Plaintiff, all of which were granted, including four separate trial dates, on September 13, 2013, a conference was heard regarding Plaintiff's request to delay trial due to her incompetence and inability to appear based on development of Post-Traumatic Stress Disorder ("PTSD") and Major Depressive Disorder ("MMD") resulting from physical  and mental abuse from her former

3

husband, which allegedly has been exacerbated by prosecuting this action. No testimony or affidavits supported these statements.

* * *

On October 23, 2013, Plaintiff submitted the instant motion, requesting a further continuance of the trial.  This motion was set for hearing on November 6, 2013.  Plaintiff's counsel waived his appearances the morning of the scheduled hearing and provides in support the psychological reports of Dr. Marcia Knight (Document 346-1), Dr. Betra Stroupkova (document 398-8), and Dr. Radka Wybitulova (Document 404-2.) alleging PTSD and MMD.  Plaintiff maintains that MUDr. Wybitulova's full expert report, including prognosis and length of treatment, is due by November 15, 2013.

Ultimately, plaintiff did not appear for trial scheduled to begin on November 18, 2013, which resulted in the Court's Order of November 21, 2013 dismissing the action with prejudice.

## LEGAL ARGUMENT

### POINT I

### THE AFFIDAVIT OF VLADIMIRA KOCH AND AFFIRMATION OF DR. WYBITULOVA ARE INADMISSIBLE

The Affidavit of VLADIMIRA KOCH (at times, hereinafter, "Ms. Koch") was not signed before a Notary.  Ms. Koch has stated many times throughout this litigation that she does not understand English, and yet, her Affidavit is in English.  Plaintiff's counsel is not authorized to act as a Notary in the Czech Republic, nor is he an official interpreter in any country.

The Affirmation submitted by Dr. Wybitulova was signed and stamped by her without a Notary verification.

## POINT II

## PLAINTIFF HAS NOT SUBMITTED "NEWLY DISCOVERED EVIDENCE" UNDER RULE 60(b)(2) TO WARRANT RELIEF FROM THE COURT'S ORDER OF DISMISSAL

As Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986); *Frankel v. ICD Holdings S.A.*, 939 F.Supp. 1124 (S.D.N.Y. 1996); *Ben Sager Chemicals International, Inc. v. E. Targosz & Company*, 560 F.2d 805 (7th Cir. 1977).

Rule 60(b) may not be used to "relitigate matters settled in the original judgment." *Donovan v. Sovereign Securities, Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984); *Frankel, supra.*

In order to obtain relief under Rule 60(b)(2), the movant must demonstrate:

1. The newly evidence was of facts that existed at the time of trial or other dispositive proceeding.

2. The movant must have been justifiably ignorant of them despite due diligence.

3. The evidence must be admissible and of such importance that it probably would have changed the outcome.

4. The evidence must not be merely cumulative or impeaching.

*Frankel*, 939 F.Supp. at 1127; *see also, United States v. International Brotherhood of Teamsters*, 247 F.3d 370 (2d Cri. 2001); *Puda Coal Securities, Inc. Litigation*, 2014 WL 715127 (S.D.N.Y. 2014).

The "newly discovered evidence" that plaintiff has submitted is an Affirmation of Dr. Wybitulova dated August 1, 2014 pertaining to a further examination conducted on July 3, 2014. Essentially, Dr. Wybitulova reviewed old reports of Dr. Stroupkova and Dr. Knight regarding

5

plaintiff's health issues in addition to her examination, and opines that "the patient's condition appears to have worsened since the last examination . . ." (Wybitulova Affidavit, ¶ 7).

This is not new evidence but more of the same arguments by plaintiff's counsel in support of his numerous requests for adjournments, as indicated above.  The Affirmation of Dr. Wybitulova is merely cumulative of her prior findings, and would not have changed the Court's decision to dismiss the Complaint.

## POINT III

### PLAINTIFF HAS NOT DEMONSTRATED BY CLEAR AND CONVINCING EVIDENCE THAT PLAINTIFF'S UNAVAILABILITY FOR TRIAL WAS THE RESULT OF DEFENDANT'S WRONGFUL CONDUCT TO SUPPORT RELIEF FROM THE JUDGMENT PURSUANT TO F.R.C.P. 60(b)(3)

Relief under Rule 60(b)(3) cannot be granted absent clear and convincing evidence. *Schlafman v. State University of New York, Farmingdale*, 541 Fed. Appx. 91 (2d Cir. 2013); *Fleming v. New York University*, 865 F.2d 478 (2d Cir. 1989); *United States v. Premises and Real Property With Buildings, Appurtenances and Improvements at 219 Ingersol Street*, 198 F.3d 235 (2d Cir. 1999).

Here, plaintiff is rehashing the same arguments during pre-trial motion practice that defense counsel's questioning of plaintiff when she was deposed on February 28, 2013 exacerbated her PTSD.  Defendant did not "deliberately attempt to 'send her over the edge'" (Plaintiff's Memorandum of Law, p. 5).  Rather, defendant legitimately explored plaintiff's background, and in particular her relationship with her ex-husband, Robert Koch, which is intertwined with plaintiff's claims in this matter.

It is evident that plaintiff has not met the "clear and convincing" standard to justify relief from the Court's judgment of dismissal based upon defendant's alleged misconduct pursuant to Rule 60(b)(3).

## CONCLUSION

For the reasons set forth above, plaintiff's motion to vacate the Court's Order dated November 21, 2013, dismissing the action, pursuant to F.R.C.P. 60(b)(2) and (3), should be denied in all respects.

Dated: New York, New York
      December 1, 2014

Respectfully submitted,

GARBARINI & SCHER, P.C.

By: _____
             Gregg D. Weinstock
Attorneys for Defendants
*Vratislav Pechota, Jr., Esq. and Law Offices of*
*Vratislav Pechota, Jr. s/h/a Law Offices of Vratislav*
*Pechota, Jr., Esq.*
432 Park Avenue South, 9th Floor
New York, New York 10016-8013
(212) 689-1113
gweinstock@garbarini-scher.com

7