```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

VLADIMIRA KOCH a/d/a VLADKA KOCH; et al.

                    Plaintiffs,
                                               10 Civ. 9152 (RWS)
      - against -
                                                    OPINION
VRATISLAV PECHOTA, JR., ESQ.,
individually, and LAW OFFICE OF VRATISLAV
PECHOTA, JR., ESQ.

                    Defendants.

------------------------------------------X
```

A P P E A R A N C E S:

       Attorneys for Plaintiffs

       KTHL Law Offices, P.C.
       412 Chestnut Street, Suite 100
       Lebanon, PA 17042
       By:  Jaromir Kovarik, Esq.

       LAW OFFICE OF ANDREW L. BLUESTONE
       Woolworth Building
       233 Broadway, 27th Floor
       New York, NY 10279
       By:  Andrew L. Bluestone, Esq.

       Attorneys for Defendants

       GARBARINI & SCHER, P.C.
       432 Park Avenue South
       New York, NY 10016
       By:  Gregg D. Weinstock, Esq.

**Sweet, D.J.**

Plaintiff Vladimira Koch ("Koch" or "Plaintiff") has moved to vacate the Court's order dated November 21, 2013 ("November 2013 Order") (Dkt. No. 460) dismissing the matter with prejudice, pursuant to Federal Rule of Civil Procedure 60(b)(2) and (b)(3).

Based on the conclusions set forth below, Plaintiff's motion is denied.

**Facts & Prior Proceedings**

The facts and prior proceedings underlying this action were previously set forth in a number of opinions by this Court. See, e.g., Dkt. No. 440 (Opinion, dated November 7, 2013); Koch v. Pechota, No. 10 Civ. 9152, 2013 WL 3892827 (S.D.N.Y. July 25, 2013); Koch v. Pechota, No. 10 Civ. 9152, 2012 WL 2402577 (S.D.N.Y. June 26, 2012); Koch v. Pechota, No. 10 Civ. 9152, 2012 WL 4876784 (S.D.N.Y. Oct. 12, 2012); (Dkt. No. 177) (Opinion, dated June 22, 2012); (Dkt. No. 190) (Opinion, dated October 11, 2012). Familiarity with the general background of this case and prior decisions is assumed.

The instant motion was marked fully submitted on December 3, 2014.

**Plaintiff Has Not Submitted "Newly Discovered Evidence" Required For Relief Pursuant to Rule 60(b)(2) or Established Wrongful Conduct Required For Relief Pursuant to Rule 60(b)(3)**

In general, motions for relief from judgment are not favored and are properly granted only upon a showing of exceptional circumstances. United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). Parties may not seek relief from or modification of a judgment under Rule 60 "simply to relitigate matters settled by the original judgment." Donovan v. Sovereign Sec., Ltd., 726 F.2d 55, 60 (2d Cir. 1984).

Rule 60(b)(2) allows a Court to relieve a party from a final judgment due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move" to amend the judgment. Fed. R. Civ. P. 60(b)(2); In re Puda Coal Sec. Inc., Litig., No. 11 CIV 2598 KBF, 2014 WL 715127, at *1 (S.D.N.Y. Feb. 21, 2014). To obtain relief from a judgment pursuant to Rule 60(b)(2) a party must demonstrate that: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them

despite due diligence, [and] (3) the evidence must be admissible and of such importance that it probably would have changed the outcome." Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (quoting United States v. IBT, 179 F.R.D. 444, 447 (S.D.N.Y. 1998)). The burden of proof is on the party seeking relief from judgment. Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994).

Rule 60(b)(3) allows a Court to relieve a party from a final judgment due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The moving party much establish such misconduct by clear and convincing evidence. Thomas v. City of New York, 293 F.R.D. 498, 503 (S.D.N.Y. 2013), appeal dismissed (Sept. 30, 2013). Additionally, "[t]o prevail on a Rule 60(b)(3) motion, a movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004).

Plaintiff submits that the relevant "new evidence" in this case is that the deposition that occurred on February 28, 2013 ("February 2013 Deposition") was one of the "triggering

3

events" for Plaintiff's medical condition and deterioration and that "Defendants' wrongful conduct available now was not available at the time of the Court's dismissal" of the case. (See Pl.'s Mem. 5.)

Not only was the issue of Plaintiff's medical and psychological condition litigated at length in general, but the allegation that depositions impacted Plaintiff's ability to attend trial was explicitly provided to the Court as a basis for one of Plaintiff's adjournment requests. Specifically, in an affidavit filed with the Court on September 18, 2013, Plaintiff's counsel averred that:

> It is undisputed that Plaintiff's medical and psychological condition has deteriorated over the past year. That decline in her mental status has taken place while she has been subject to multiple depositions and examinations. She was mentally prepared and in suitable condition to testify at trial prior to the extended course of depositions, but is neither suitable nor able to testify today. Ms. Koch believes that the Defendant has, through his (or his counsel's conduct) contributed to her immediate disability, as stated in her supporting Affidavit and as noted below in the description of her medical symptoms.

(Dkt. No. 398 ¶ 18.) Indeed, even Dr. Wybitulova – on whose recent affidavit (Dkt. No. 470) Plaintiff heavily relies – in an "Expert Opinion Report and Declaration" filed over a year ago on

4

November 15, 2013 cited as factors contributing to Plaintiff's worsened mental condition the "unsuitable behavior of the defendants." (Dkt. No. 445-1, ¶ 37.) As such, it is implausible that Plaintiff was "justifiably ignorant" of the alleged impact of the February 2013 Deposition and Defendant's alleged misconduct.

Nor has Plaintiff established by clear and convincing evidence that Defendants have engaged in misconduct. Plaintiff's assertion that the Defendants deliberately attempted to send her "over the edge" merely repeats arguments already presented to this Court before the November 2013 Order and is insufficient to support a finding of misconduct. Plaintiff's reliance on Dr. Wybitulova's indeterminate affidavit does not assist her claim.[1]

---

[1] While Dr. Wybitulova notes that, "in [her] opinion," the depositions conducted by the Defendants "damaged Ms. Koch's health," she is equivocal as to misconduct. "I cannot rule out the possibility that Ms. Koch's health was damaged intentionally in order to prevent her from giving depositions in the relevant court cases in the USA. A detailed examination of the manner in which the depositions were conducted should determine whether the damage to Ms. Koch's health was accidental or intentional." (Dkt. No. 470 ¶ 10) (emphasis added).

5

## Conclusion

For the reasons set forth above, Plaintiff's motion is denied.

It is so ordered.

New York, NY
December 19, 2014

                                             _____
                                             ROBERT W. SWEET
                                             U.S.D.J.